IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

R. CASPER ADAMSON,
    Petitioner,

vs.                                                    Case No. 3:08cv274/MCR/EMT

WALTER A. McNEIL,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, in which Petitioner challenges disciplinary action taken against him by the Department of Corrections ("DOC") on April 17, 2008 (Log #119-080931), which resulted in his placement in disciplinary confinement for thirty (30) days (Doc. 1 at 4, 10–11, 16–27).[1] Petitioner additionally contends the disciplinary action resulted in an upgrade to a more restrictive custody status, from Close Management III ("CMIII") to Close Management II ("CMII"), on May 9, 2008 (*id.* at 11, 25–28).[2] The court became aware, through Petitioner's filings and upon taking judicial notice of the public information available on the DOC's website, that Petitioner's custody classification was reduced from CM to "Medium" while this habeas action was pending. Therefore, the court directed the parties to file supplemental briefs on the sole issue of whether this habeas action is moot on or

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

[2] Close Management (CM) is defined by DOC rules as "the confinement of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, where the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others." *See* Fla. Admin. Code r. 33-601.101(1)(d) (2010). There are three individual levels associated with close management, with CMI being the most restrictive single cell housing level and CMIII being the least restrictive housing of the three CM levels. *Id.*, r. 33-601.101(1)(e).

before October 7, 2010 (*see* Doc. 38). Respondent filed a supplemental brief (Doc. 40). The court has not received a supplemental brief from Petitioner.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed.

I. BACKGROUND

Petitioner filed this habeas action on or about June 25, 2008 (*see* Doc. 1 at 1). In his petition, Petitioner challenges disciplinary action taken against him on April 17, 2008, Log #119-080931, on the ground that his alleged conduct did not violate the DOC rule which he was accused of violating; therefore, his conviction of the infraction violated due process (*id.* at 16–20). He additionally raises procedural due process challenges to the disciplinary hearing, claiming that the disciplinary team refused his request to consider certain evidence (copies of Petitioner's Daily Record of Segregation and copies of grievances Petitioner filed against Sergeant Taylor, the officer who initiated the disciplinary action, which Petitioner contends would show that the disciplinary action was retaliatory), and refused his request for a polygraph examination of himself and Sergeant Taylor (*id.* at 10–11, 20–23). Petitioner contends the disciplinary action was used to justify his upgrade to a more restrictive custody status (from CMIII to CMII) on May 9, 2008 (*id.* at 24–28). As relief, Petitioner requests expungement of the disciplinary decision from his inmate record and a new hearing to review his custody status (*id.* at 30).

In Respondent's supplemental brief, Respondent contends this habeas action is moot, since Petitioner was released from CM on August 31, 2009 (Doc. 40 at 1–2, Ex. A at 3). Respondent additionally contends Petitioner has no liberty interest in his custody status; therefore, the court has not basis to review a disciplinary report that resulted in only disciplinary confinement (*id.* at 3).

II. ANALYSIS

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. <u>Bailey v. Southerland</u>, 821 F.2d 277, 278 (5th Cir. 1987). In the instant case, Petitioner's due process challenges to his placement in disciplinary confinement were moot when he filed this habeas action, since he was sentenced to thirty (30) days

of disciplinary confinement on April 17, 2008 (*see* Doc. 15-2 at 13, Ex. G), and he filed this habeas action more than sixty (60) days later, on June 25, 2008. Furthermore, Petitioner has failed to show that the disciplinary proceeding affected the length of his confinement. Moreover, even if Petitioner's upgrade to a more restrictive custody status implicated a constitutionally protected liberty interest, which this court does not find, Petitioner's release from CM during the pendency of this habeas action rendered his claims moot. Therefore, there is no longer a case or controversy to litigate with respect to the disciplinary decision on April 17, 2008, Log #119-080931. *See* Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release, as there was no continuing controversy); Medberry v. Crosby, 351 F.3d 1049, 1053–54 (11th Cir. 2003) (citation omitted) (prisoner's challenge to placement in administrative segregation was moot when filed because he completed imposed term of administrative segregation before he filed habeas petition); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); *see also, e.g.*, Medberry v. Crosby, 135 Fed. Appx. 333, 334, 2005 WL 1400263, at *1 (11th Cir. 2005) (unpublished) (state prisoner's habeas petition, challenging placement on close management status because of disciplinary problems, was moot where it was not filed until more than one year after he was released from close management);[3] Doss v. Crosby, 357 F. Supp. 2d 1334 (N.D. Fla. 2005) (prisoner's habeas petition, challenging prison disciplinary proceedings which resulted in the forfeiture of gain time, was rendered moot by prisoner's release on expiration of his sentence, regardless of whether petitioner's release removed the bar to any civil cause of action he might have, under § 1983 or otherwise, for challenging revocation of his gain time); Schmidt v. McNeil, No. 5:07cv281/RS/MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010), *Report and Recommendation adopted at* 2010 WL 2351353 (unpublished) (petitioner's challenge to prison disciplinary conviction which resulted in loss of gain time was rendered moot by petitioner's release from incarceration); Batie v. Fla. Dep't of Corr., No.

---

[3] The undersigned cites the unpublished Medberry decision only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 3:08cv274/MCR/EMT

1:06cv62/MMP/AK, 2009 WL 1490683, at *2–3 (N.D. Fla. May 22, 2009) (unpublished) (because petitioner had completed term of disciplinary confinement at issue at time of filing habeas petition, and he failed to show that subject disciplinary proceeding would affect length of confinement, habeas petition was moot when filed); Stearns-Miller v. McNeil, No. 3:07cv222/MCR/EMT, 2008 WL 4164110, at *2–3 (N.D. Fla. Sept. 5, 2008) (unpublished) (because petitioner had completed term of disciplinary confinement at issue at time of filing habeas petition, his claims challenging disciplinary confinement were moot; likewise, petitioner's challenge to placement on close management was moot, since petitioner was released from close management during pendency of habeas action); Chandler v. McNeil, No. 3:07cv529/RV/EMT, 2008 WL 3852328 (N.D. Fla. Aug.18, 2008) (unpublished) (habeas challenge to disciplinary conviction resulting in loss of gain time and placement in disciplinary confinement was rendered moot by prisoner's release from incarceration); Humphries v. Rivera, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) (unpublished) (same). A favorable decision on the merits would not entitle Petitioner to any additional relief; therefore, he no longer has a "personal stake in the outcome."

III. CONCLUSION

Petitioner's constitutional challenge to the disciplinary decision on April 17, 2008 (Log #119-080931) is moot. Therefore, this action should be dismissed.

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED**.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**